IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,670-01






EX PARTE EARL STEPP, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2010-1176-E IN THE 367TH DISTRICT COURT


FROM DENTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated assault and one count of assault family violence. He was sentenced to twelve years'
imprisonment on each count. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because counsel told him that
if he went to trial, the two cases could have been ordered to run consecutively, causing him to
receive the equivalent of a forty-year sentence. As indicted, the aggravated assault is a second-degree felony and the family violence assault is a third-degree felony. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). The State and trial court agree that
Applicant's conviction in the assault family violence case should be vacated because it violates
principles of double jeopardy. The habeas record also reflects that Applicant's sentence in that case
exceeds the applicable range of punishment. In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall make specific findings as to how counsel
advised Applicant concerning the ranges of punishment he faced and the possibility of consecutive
sentences. The trial court shall also make specific findings as to how or whether counsel advised
Applicant of the likelihood that the state could lawfully convict Applicant of both offenses as
charged. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: November 7, 2012

Do not publish